UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSUKH GHADIYA,<br>                    Plaintiff,<br>v.<br>SCOTT BEACH,<br>                    Defendant. | Case No.:  15cv2338 BTM (DHB)<br><br>**ORDER REMANDING CASE** |

On October 16, 2015, Defendant Scott Beach removed this unlawful detainer action from the Superior Court of California, County of San Diego. Defendant also filed a motion to proceed in forma pauperis. The Court **GRANTS** Defendant's motion to proceed in forma pauperis but **REMANDS** this case for lack of removal jurisdiction.

Defendant contends that removal is proper because the Court has federal question jurisdiction. Rather than citing to a federal law, Defendant lists California Code of Civil Procedure § 1161(2) as the basis for federal question jurisdiction. (See Civil Cover Sheet, attached to Notice of Removal as Ex. 1, ECF No. 1-1.) After reviewing the complaint and the notice of removal, it is clear that the unlawful detainer action filed against the Defendant arises under state law and does not require resolution of a substantial question of federal law. See U.S.

1  Bank Nat'l Ass'n v. Lasoff, 2010 WL 669239 (C.D. Cal. Feb. 23, 2010) (holding
2  that unlawful detainer action did not raise a federal question); HSBC Bank USA,
3  NA v. Valencia, 2010 WL 546721 (E.D. Cal. Feb. 10, 2010) (remanding unlawful
4  detainer action);  Wells Fargo Bank, Nat'l Ass'n v. Cencil, 2010 WL 2179778
5  (N.D. Cal. May 27, 2010) (granting motion to remand unlawful detainer action).
6  Moreover, any federal defenses or counterclaims Defendant may wish to bring
7  do not give rise to federal question jurisdiction. See Franchise Tax Bd. v. Constr.
8  Laborers Vacation Trust, 463 U.S. 1, 14 (1983) (noting that a case may not be
9  removed to federal court on the basis of a federal defense).

10        Defendant also contends that the Court has subject matter jurisdiction
11  under 28 U.S.C. § 1332. (See Notice of Removal 2.) Regardless of whether or
12  not the Plaintiff is a California citizen, Defendant's residence is in Carlsbad,
13  California. It appears that Defendant is a California citizen, and Defendant has
14  not argued to the contrary. Removal is not permitted if a defendant is a citizen of
15  the state in which the action was brought. See 28 U.S.C. § 1441(b).
16  //
17  //
18  //
19  //
20  //

The removing Defendant always bears the burden of establishing that removal is proper, and the Court resolves all ambiguity in favor of remand to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). Defendant has not met his burden. Therefore, the Court **REMANDS** this action to the Superior Court of San Diego, County of San Diego.

**IT IS SO ORDERED.**

Dated:  October 20, 2015

Barry Ted Moskowitz, Chief Judge
United States District Court